**Leonard PELTIER, Plaintiff–Appellant,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Defendant–Appellee.**

**No. 06–1405–cv.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2007.

Michael Kuzma, Buffalo, New York, for Plaintiff–Appellant.

H. Thomas Byron III (Peter D. Keisler, on-the-brief), Department of Justice, Washington D.C., for Defendant–Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Leonard Peltier is currently serving two life sentences in federal prison in Lewisburg, Pennsylvania, for, *inter alia,* the June 1975 murders of two FBI agents on the Pine Ridge Indian Reservation in South Dakota. In November 2002, Peltier

sent a Freedom of Information Act ("FOIA") request to the FBI's Buffalo, New York field office, through which he sought disclosure of records related to his arrest and prosecution.

In December 2003, Peltier brought this suit in the W.D.N.Y. (Skretny, *J.*) under FOIA to compel production of any documents responsive to his November 2002 request. Shortly thereafter, the FBI released 614 pages, but redacted portions of 183 pages and 15 entire pages, relying on FOIA's statutory exemptions. 5 U.S.C. § 552(b).

In July 2004, the FBI moved for summary judgment. In support of its motion, the FBI explained its withholdings as follows: (1) under Exemption 1, which protects national security information, the FBI withheld information classified as "secret" or "confidential"; (2) under Exemption 3 and Fed.R.Crim.P. 6(e), which together protect grand jury materials, the FBI withheld grand jury subpoenas, information identifying grand jury witnesses, information identifying records subpoenaed by the grand jury, and the dates of grand jury testimony; (3) under Exemption 7(C), which protects personal privacy interests that may be threatened by the release of law enforcement documents, the FBI withheld names of individuals who were of investigative interest to the FBI, third party rap sheets, and the names of third parties merely mentioned in the responsive records; and (4) under Exemption 7(D), the FBI withheld material provided by individuals and law enforcement agencies granted express and implied assurances of confidentiality.

In February 2006, the district court granted the FBI summary judgment. We assume the parties' familiarity with all other relevant facts and the procedural history of the case, and agree with the district court.

The district court held FOIA Exemption 1 applicable because the disclosure of the information withheld would breach express promises of confidentiality made to a foreign government, on which the provision of the information was expressly contingent. Disclosure would also reveal an intelligence relationship and could threaten the flow of information between the governments. The district court held FOIA Exemption 3 applicable because the information withheld falls squarely within the framework of records protected by Exemption 3 and Rule 6(e). The district court held FOIA Exemption 7(C) applicable because all of the information withheld consisted of law enforcement records, the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). We also note that disclosure of personal information about cooperating witnesses and other third parties advances no cognizable public interest under FOIA. *See, e.g., DOJ v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Finally, the district court held that FOIA Exemption 7(D) was applicable because the information withheld thereunder "could reasonably be expected to disclose the identity of a confidential source," and was "information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).

We AFFIRM for the same reasons relied upon by the district court.